UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>        Plaintiff,<br><br>    v.<br><br>SIMPER INVESTMENTS, INC.,<br><br>        Defendant. | Case No. 20-cv-01061-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 23 |

Pending before the Court is Defendant Simper Investment's motion to dismiss Plaintiff Scott Johnson's amended complaint.[1] Dkt. No. 23. For the following reasons, the motion to dismiss is **GRANTED** with leave to amend.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[1] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If dismissal is appropriate under Rule 12(b)(6), a court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quotation marks and citation omitted).

## II.  DISCUSSION

Plaintiff is a California resident with physical disabilities. Dkt. No. 18 First Amended Complaint ("FAC") ¶ 1. Plaintiff is a level C-5 quadriplegic. *Id.* He cannot walk and has significant manual dexterity impairments. *Id.* He uses a wheelchair for mobility and has a specially equipped van. *Id.* Plaintiff alleges that Defendant Simper Investments, Inc. owned the real property located at or about 1624 S. Main Street, Milpitas, California, between June 2019 and November 2019 and currently own the property. *Id.* at ¶¶ 2-3.

Plaintiff alleges that Main St. Auto Center is a facility open to the public, a place of public accommodation, and a business establishment. *Id.* at ¶ 9. Plaintiff alleges that in June 2019, October 2019, and November 2019, he went to Main St. Auto Center to avail himself of its goods or services, motivated in part to determine if Defendant complies with the disability access laws. *Id.* at ¶ 8. Plaintiff alleges that Defendant failed to provide wheelchair accessible parking in conformance with the ADA Standards as it relates to wheelchair users like Plaintiff. *Id.* at ¶ 10.

Defendant moves to dismiss on the grounds that there is no business in operation at 1624 S. Main Street, Milpitas, California, and no business has been in operation at that address since before 2017. Dkt. No. 23 at 6. In his opposition, Plaintiff does not dispute that 1624 S. Main Street has not been occupied since 2017, but argues that the Main St. Auto Center is a business park with numerous businesses located within it and that his use of the 1624 S. Main Street address was meant to include these businesses at the other addresses. Dkt. No. 24 at 4-6. But

Plaintiff's amended complaint contains no such allegations, referring only to "real property located at or about 1624 S. Main Street, Milpitas, California" and "the Main St. Auto Center" without any allegations about the actual names or addresses of the business he allegedly tried to visit.  FAC at ¶¶ 3, 8.  No address other than 1624 S. Main Street is referred to in the complaint.  Because Plaintiff does not dispute that there was no business in operation or open to the public at the only address identified in his complaint, the complaint fails to satisfy Federal Rule of Civil Procedure 8(a).  Because it is possible that the complaint can be cured by the allegation of other facts, leave to amend is appropriate.  *Lopez*, 203 F.3d at 1130.

### III. CONCLUSION

Therefore, the motion to dismiss is **GRANTED** with leave to amend.  Any amended complaint must be filed within 28 days from the date of this Order.

**IT IS SO ORDERED.**

Dated: 1/19/2021

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge