1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    SCOTT JOHNSON,                          Case No.  20-cv-01061-HSG

8                    Plaintiff,              **ORDER DENYING MOTION TO
                                             DISMISS SECOND AMENDED
9         v.                                 COMPLAINT**

10   SIMPER INVESTMENTS, INC.,               Re: Dkt. No. 29

11                   Defendant.

12

13         Pending before the Court is Defendant's motion to dismiss Plaintiff's second amended

14   complaint ("SAC").[1]  Dkt. No. 29 ("Mot.").  The Court previously granted Defendant's motion to

15   dismiss Plaintiff's first amended complaint because Plaintiff failed to identify the names and

16   addresses of the businesses at the Main St. Auto Center he allegedly tried to visit to test

17   compliance with Americans with Disabilities Act ("ADA") requirements.  Dkt. No. 26 at 2-3.

18   Plaintiff now identifies those businesses as including AAMCO Transmission and Precision Tune

19   Auto Care.  Dkt. No. 27 SAC ¶¶ 9-16.  The Court finds that the businesses are sufficiently

20   identified to allow Defendant to respond to Plaintiff's allegations and rejects Defendant's

21   arguments to the contrary.  Mot. at 14-15; Dkt. No. 35 ("Reply") at 4-6.

22         Defendant also argues that the SAC should be dismissed because Plaintiff failed to join as

23

24   _____

25   [1] Plaintiff's deadline to file the SAC was February 16, 2021.  *See* Dkt. No. 26 at 3.  Plaintiff filed
     the SAC on February 19, 2021 with a notice that explained that the delay was due to the loss of
26   power in Plaintiff's counsel's Texas office during an unusually severe period of cold weather.
     Dkt. No. 28.  Defendant objects to the late filing, but it does not identify any prejudice from the
     three-day delay.  Dkt. No. 35 at 2.  Defendant was able to file a timely motion to dismiss the SAC.
27   Although Plaintiff failed to meet the deadline and failed to properly request leave for the late
     filing, the Court will consider the SAC given the extraordinary weather in Texas and the relatively
28   short delay in filing.  However, counsel for Plaintiff is reminded of this Court's prior orders in
     other cases advising counsel that failure to meet deadlines in the future could result in sanctions.

United States District Court
Northern District of California

1  indispensable parties the businesses he identified and because the building is in full compliance

2  with the ADA.  Mot. at 13-16.  In the alternative, Defendant asks the Court to treat the motion to

3  dismiss as a motion for summary judgment.  Mot. at 18-19.

4      The Court disagrees that Defendant's tenants are indispensable parties under Federal Rule

5  of Civil Procedure ("FRCP") 19.  As Plaintiff notes, the Ninth Circuit has held that "a landlord has

6  an independent obligation to comply with the ADA that may not be eliminated by contract."

7  *Botosan v. Paul McNally Realty*, 216 F.3d 827, 833 (9th Cir. 2000).  Defendant provides no case

8  law to support its interpretation of FRCP 19 in ADA compliance cases.  Given the landlord's

9  "independent obligation," and the absence of any cited authority to the contrary, the Court finds

10  that Plaintiff's case may proceed without joining AAMCO Transmission and Precision Tune Auto

11  Care.

12      Finally, the Court denies Defendant's request to reach the merits of Plaintiff's ADA

13  compliance claims at the motion to dismiss stage.  Mot. 15-16, 18-19.  At the motion to dismiss

14  stage, the Court must "accept factual allegations in the complaint as true and construe the

15  pleadings in the light most favorable to the nonmoving party."  *Manzarek v. St. Paul Fire &*

16  *Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  Accordingly, it is inappropriate for the

17  Court to resolve adequately pled factual disputes at this stage.  Defendant is, of course, free to

18  bring a properly noticed motion for summary judgment.[2]

19      The motion to dismiss is **DENIED**.  A telephonic case management conference is **SET** for

20  July 20, 2021 at 2:00 p.m.  A joint case management statement is due by July 13, 2021.

21      This proceeding will be held by AT&T Conference Line. The court circulates the

22  following conference number to allow the equivalent of a public hearing by telephone.

23      For conference line information, see: https://apps.cand.uscourts.gov/telhrg/

24

25  [2] Defendant also argues that Plaintiff's case should be dismissed for lack of subject matter
jurisdiction, relying on *Johnson v. DTBA, LLC*, 424 F. Supp. 3d 657 (N.D. Cal. 2019).  Reply at 6-

26  7.  The Court declines to consider this argument because Defendant raised it for the first time in its
Reply.  *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not

27  consider arguments raised for the first time in a reply brief.").  The Court does note, though it need
not here decide, that the *Johnson* court's analysis of the standing requirement may well have

28  something to recommend it in cases like this one, where it is far from self-evident that Plaintiff's
alleged intent to return to the identified businesses is plausible.

All counsel, members of the public and press please use the following dial-in information below to access the conference line:

Dial In: 888-808-6929

Access Code: 6064255

The Court may be in session with proceedings in progress when you connect to the conference line.  Therefore, mute your phone if possible and wait for the Court to address you before speaking on the line.  For call clarity, parties shall NOT use speaker phone or earpieces for these calls, and where at all possible, parties shall use landlines.  The parties are further advised to ensure that the Court can hear and understand them clearly before speaking at length.

PLEASE NOTE: Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited. See General Order 58 at Paragraph III.

**IT IS SO ORDERED.**

Dated:  6/9/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California

3